# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

TYREECE F. GRAY                                                                                    PETITIONER
Reg #10422-031

v.                                Case No. 2:20-cv-00128 BSM-JTK

DEWAYNE HENDRIX, *Warden*,
Forrest City FCI                                                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

Petitioner, Tyreece Gray, is an inmate housed at the Federal Correctional Complex in Forrest City, Arkansas. He is serving a 120-month sentence for drug trafficking and firearm related offenses stemming from charges brought in the United States District Court for the District of Kansas (Doc. No. 4-1, pp. 7-8, Doc. No. 5, p. 4).

Now before the Court is a petition for a writ of habeas corpus filed on June 9, 2020, pursuant to 28 U.S.C. § 2241 (Doc. No. 1, Petition for Writ of Habeas Corpus). Petitioner seeks restoration of good time credits and expungement of a disciplinary from his record. *Id.* In the Answer, Respondent asserts Petitioner is not entitled to relief—first, because there has been no violation of a protected due process right, and second, because Petitioner raised alternative arguments to challenge the disciplinary on appeal and none of the arguments were meritorious (Doc. No. 4, Response to Petition for Writ of Habeas Corpus).

Having reviewed the record and the available evidence before the Court, the undersigned

recommends that the petition be denied and dismissed with prejudice.

## Background

The facts underlying Petitioner's claim are outlined in the Declaration of Curtis Glasgow, the Disciplinary Hearing Officer (DHO) at the United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Complex in Forrest City, Arkansas. This Declaration is attached to Respondent's Response as Government's Exhibit 1 (Doc. 4-1, Declaration of Curtis Glasgow).

On July 5, 2018, Officer C. Nichols was inside Petitioner's cell, collecting his property when he located inside Petitioner's locker, a black Samsung cell phone concealed in a pair of boxers.[1] *Id.* Officer Nichols identified the locker as that of Petitioner by locating personal mail and other personal items with Petitioner's registration number on them in the locker. *Id.* An incident filed later that day charged Petitioner with a violation of Code 108, Possession of a Hazardous Tool (Cell Phone). The incident report was suspended pursuant to Program Statement 5270.09[2] and referred to the United States Attorney's Office, who chose to prosecute. The case is currently set for jury trial before Chief Judge Marshall on December 28, 2020. *See*

---

[1] According to Petitioner, officers were in his cell based on a tip that Petitioner had marijuana (Doc. No. 5, p. 10). Petitioner acknowledges that two (2) small bags of marijuana were found. *Id.*

[2] Program Statement 5270.09 provides in relevant part that "[w]hen it appears likely that the incident may involve criminal prosecution, the investigating officer suspends the investigation. Staff may not question the inmate until the FBI or other investigative agency releases the incident report for administrative processing. The incident report should then be delivered to the inmate by the end of the next business day. The time frame for processing the Incident report is suspended until it is released for processing." https://www.bop.gov/policy/progstat/5270_009.pdf (last visited Sept. 23, 2020). *See also* Doc. No. 4-1, Attachment 6.

*United States v. Gray*, Case No. 4:19-cr-310 DPM. The DHO report notes the Incident Report was released by the Assistant United States Attorney on August 8, 2019 (Doc. No. 4-1, Attachment 2, p. 12). Petitioner was provided a copy of the Incident Report which outlined the charges against him on that same day. *Id.* at p. 11.

Petitioner was thereafter provided a Notice of Discipline Hearing before the DHO form on August 9, 2019, and he waived his right to a staff representative (Doc. No. 4-1, Attachment 4). He was notified of his rights regarding the hearing and provided an Inmate Rights at Disciplinary Hearing form on that same day (Doc. No. 4-1, Attachment 5). The DHO held the hearing on August 19, 2019 (Doc. No. 4-1, Attachment 3). He confirmed Petitioner was advised of his rights to remain silent, to a staff representative, and to call witnesses. *Id.* Presented at the hearing were Officer Nichols's written statement outlining his discovery of the phone along with photographs of the phone; a handwritten statement from another inmate that Officer Nichols stood by the locker where the phone was found until another officer secured the locker with a lock; and Petitioner's SENTRY Inmate history data reflecting Petitioner's housing assignment (Doc. No. 4-1, Attachments 2 and 3).

Following the hearing, the DHO found some evidence existed that Petitioner had violated Code 108. Petitioner's sanction included loss of forty-one (41) days of good conduct time and 180 days loss of email privileges (Doc. No. 4-1, Attachment 3). Petitioner appealed the decision to the Regional Office, which denied the appeal on October 29, 2019. Petitioner then appealed the Regional Office's denial to the Central Office, which denied his final appeal on February 13, 2020 (Doc. No. 5, Exhibit 6).

## Discussion

An inmate does not lose the right to due process of law simply because he is incarcerated. The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). A prisoner facing a loss of good time credits is not, however, entitled to the full panoply of procedural safeguards that attend a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. at 556.

To satisfy the constitutional requirement of due process, a prison disciplinary action must satisfy only the simple procedural requirements prescribed in *Wolff*, which include: (1) advanced written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) a written statement by the factfinder as to the evidence relied upon and the reasons for disciplinary action taken; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in a defense; (4) the ability to seek the aid of a fellow inmate or assistance from the prison staff where an inmate is illiterate or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case"; and (5) an impartial disciplinary hearing body. *Wolff v. McConnell*, 418 U.S. at 564-571. *See also Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)); *Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. 2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision).

The decision of the prison DHO is only required to be supported by "some evidence in the record." *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457; *see also Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) ("[w]hen inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.").

    1.    <u>Untimely Response to Administrative Appeal</u>

Petitioner claims the BOP Central Office failed to timely respond to his administrative appeal. To support his allegation, he includes a document from the Central Office, listing a response due date of February 3, 2020, as well as a response letter from the Central Office dated after the due date, on February 13, 2020 (Doc. 1, Supporting Docs. 2, 3). He seeks to have the Incident Report expunged and his forty-one days of good conduct time restored based upon his claim that the Central Office failed to timely respond to his appeal. The argument lacks merit.

BOP Program Statement 1330.18(12), 28 C.F.R. § 542.18, outlines the response times for inmate requests and appeals, providing "[i]f the inmate does not receive a response within the

time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Any untimely BOP response to an administrative appeal is deemed a denial, but it does not deprive the inmate of the minimum due process requirements noted in *Wolff*. Further, to the extent Petitioner alleges the BOP violated its own rules, there is no federal due process liberty interest in having prison officials follow prison regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

    2.    <u>Actual Innocence</u>

He also seeks to have the disciplinary expunged because he claims he did not possess, use, or have any knowledge of a cell phone (Doc. No. 5, pp. 10-11). Petitioner is criminally charged with possession of a prohibited object in prison, and he is currently set for jury trial on December 28, 2020. *See United States v. Gray*, Case No. 4:19-cv-00310 DPM. The free-standing actual innocence doctrine "has no applicability to a prison disciplinary conviction." *See Crockett v. Kelley*, 2019 WL 1590947, *4 (E.D. Ark. March 14, 2019). "[A] petitioner does not meet the threshold requirement [for actual innocence] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *McQuggin v. Perkins*, 569 U.S. 383, 386 (2013)).

    3.    <u>Denial of Due Process in the disciplinary hearing proceeding</u>

Following a tip that Petitioner possessed marijuana, Petitioner claims Officer Lindley searched him and his cubicle, including his locker. *Id.* After finding the marijuana, Petitioner alleges Officer Lindley went through all of his items but did not secure anything following the search. Petitioner states he was taken to another room and strip searched before being sent to

the Special Housing Unit (SHU). *Id.* He notes he received the report of the cell phone over a year after the incident. It is Petitioner's position that Officer Lindley was called to come to the hearing by the DHO and testified on Petitioner's behalf that there was no phone in the locker when he searched it. He also states an inmate across from him, who witnessed Officer Lindley search him and his locker, wrote a statement on his behalf, but he claims the hearing officer told him she had a copy of that statement, and therefore, did not need him to present it. Petitioner claims the hearing officer acknowledged Officer Lindley's testimony, but decided to base her decision on the report written by Officer Nichols–a report he states was written almost two hours after his locker had been searched and left unsecured. *Id.* Further, Petitioner contends he was denied a staff representative at the DHO hearing (Doc. No. 1, at p. 9).

Even when a prison disciplinary conviction is subject to constitutional review, it must be upheld as long as it was supported by some evidence. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. "Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context." *Superintendent v. Hill*, 472 U.S. at 456 (citations omitted).

Here, there is some evidence to sustain the disciplinary conviction. A habeas court is obligated to uphold the findings of an impartial disciplinary hearing officer, even if the only evidence of the alleged disciplinary violation is found in the charging officer's report, which is disputed by the inmate. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Petitioner's

denial of the facts alleged by Officer Nichols in the report is not a sufficient basis to set aside the disciplinary conviction under the "some evidence" standard. Further, the record clearly indicates Petitioner expressly waived his right to a staff representative (Doc. No. 4-1, Attachment 3 and Attachment 4).

## Conclusion

Petitioner has failed to demonstrate he was deprived of a liberty interest protected by the Due Process Clause, and his "actual innocence" claim fails to state a cognizable claim for relief. IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, Doc. No. 1, be Denied, and that the case be Dismissed, With Prejudice.

IT IS SO ORDERED this 2nd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE